IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

PIERRE O. COLQUITT,

    Defendant.

Case No. 3:09-CR-109

JUDGE WALTER H. RICE

---

ENTRY JOURNALIZING PROCEDURES DURING IN-CHAMBERS
MEETING BETWEEN COURT AND COUNSEL ON JANUARY 8, 2013;
FURTHER PROCEDURES ORDERED OF COUNSEL

---

The captioned cause was set for sentencing on Tuesday, January 8, 2013. Prior to going into Court for said proceeding, the Court and counsel met in the conference room and the following matters were discussed, following which sentencing was delayed to a date to be determined, pending the conclusion of the proceedings set forth below.

1. The Government has filed a Bill of Information, pursuant to 21 U.S.C. § 851(a), in order to establish prior convictions to enhance the minimum mandatory penalties for the conspiracy charge. Not later than the close of business on Monday, February 11, 2013, Defendant's counsel is to let the Court and Government's counsel know if the Defendant admits the prior predicate offense(s) or denies same. Based on that communication, the Court will either set a hearing pursuant to the aforementioned statutory section, should a denial be issued, at which the Government must prove, without a jury, by proof beyond a reasonable doubt the existence of

said predicate offenses. Obviously, should the Defendant admit these predicate offenses, no further proceedings will be necessary under 21 U.S.C. § 851(a), and the Court will, following the resolution of the issues set forth below, set a new sentencing date.

2. Defendant has filed objections to the Presentence Report. The first two and one-half pages will be considered by the Court as a motion for new trial, as said pages challenge the Government's evidence and the Court's findings thereon. By the close of business on Monday, February 11, 2013, the Government will respond to the Government's objections by filing a memorandum contra the Defendant's motion for new trial, set forth in the first two and one-half pages of his objections, and the remaining memorandum in response to Defendant's objections, covering where in the record certain evidence is or is not found. Defendant will then have until the close of business on Tuesday, February 26, 2013, to respond to the Government's submission. The Court will calculate the advisory guideline range, not on the basis of the Offense Conduct paragraphs set forth in the Presentence Report, but on the basis of evidence at trial on which it based the guilty verdicts.

3. There are forfeiture provisions in the Indictment, seeking forfeiture of three weapons and three discrete groups of ammunition. At the conclusion of the in-chambers conference on January 8th, Defendant's counsel checked with his client to see whether he objected to the forfeiture of these items. Counsel represented, following discussions with his client, that no objections would be raised. Accordingly, the forfeiture of these items will be set forth in this Court's Sentencing Entry, without any further procedures being necessary to accomplish the forfeiture.

4. The Court has a longstanding custom of relying on the agreed upon Statement of Facts to fix the quantity of drugs used to compute the base offense level. Here, there is no Statement of Facts, given that the Defendant pled not guilty and proceeded to trial. The Court believes the amount of drugs can be computed, based upon the evidence set forth at the trial. By the close of business on Monday, February 11, 2013, the Government will file a sentencing memorandum, setting forth its opinion on the specific drug quantity(ies) and same is computed, with specific references to pages in the transcript of the trial upon which it computes that or those amounts. The Defendant will respond to the Government's sentencing memorandum not later than the close of business on Tuesday, February 26, 2013.

It is to be noted that the Government is seeking specific finding on the drug quantities, not to enhance the base offense level (although the Government is seeking a statutory enhancement through the Bill of Information filed pursuant to 21 U.S.C. § 851(a). In short, the Government is content with the base offense level computed on an amount exceeding 100 grams, but only wishes to protect itself on appeal, if a portion of the Court's computation is deemed improper by the higher court, so that the remainder will still exceed 100 grams.

January 28, 2013

*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record
United States Marshal
United States Pretrial Services
United States Probation Department