IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:09CR109WHR |
| Plaintiff, | : | Judge Walter Herbert Rice |
| v. | : | |
| PIERRE O. COLQUITT, | : | |
| Defendant. | : | |

**PRELIMINARY ORDER OF FORFEITURE
OF DEFENDANT PIERRE O. COLQUITT'S ASSETS**

Upon the Motion of the United States for a Preliminary Order of Forfeiture, and the Court's review of the evidence in the record, the Court HEREBY FINDS THAT:

1. The Defendant was found guilty of Count One of the First Superseding Indictment charging him with Conspiracy to Possess with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), Count Two charging him with Possession of a Firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and Counts Four and Five charging him with Distribution in or near a school in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 860.

2. The Defendant has an interest in the following property (hereinafter referred to as the "Subject Property"):

   a. Smith & Wesson, 9mm semiautomatic pistol, Model SW9VE, Serial No. DSD9353;
   b. 14 rounds of ammunition;
   c. RG .22LR caliber six-shot revolver, Model RG23, Serial No. T530613;
   d. 4 rounds of .22 LR ammunition;
   e. Beretta .22 LR caliber semi-automatic pistol, Serial No. P56864; and

f.  8 rounds of .22 LR ammunition.

3. The Subject Property is forfeitable, pursuant to 21 U.S.C. § 853(a)(1) and (2), as property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of Defendant's offenses alleged in Count One, Four and Five; and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) as firearms and ammunition involved in or used in the offenses alleged in Counts One, Two, Four and Five.

4. The United States has established the requisite nexus between the Subject Property and the Defendant's offenses.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Defendant shall hereby forfeit, pursuant to 21 U.S.C. § 853(a)(1) and (2) all property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the Defendant's offenses in Counts One, Four and Five of the Superseding Indictment.

2. The Defendant shall hereby forfeit pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all firearms and ammunition, involved in or used in the offenses alleged in Counts One, Two, Four and Five of the Superseding Indictment.

3. The Defendant shall hereby forfeit, pursuant to 21 U.S.C. § 853(a)(1) and (2) and 18 U.S.C.§ 924(d)(1) and 28 U.S.C. § 2461(c), the following specific property (hereinafter referred to as the "Subject Property"):

   a.  Smith & Wesson, 9mm semiautomatic pistol, Model SW9VE, Serial No. DSD9353;
   b.  14 rounds of ammunition;
   c.  RG .22LR caliber six-shot revolver, Model RG23, Serial No. T530613;
   d.  4 rounds of .22 LR ammunition;
   e.  Beretta .22 LR caliber semi-automatic pistol, Serial No. P56864; and
   f.  8 rounds of .22 LR ammunition.

4.      This order remains preliminary as to third parties until the ancillary proceeding is concluded.

5.      The United States is authorized to commence proceedings that comply with any statutes and federal rules governing third party rights in accordance with Fed. R. Crim. P. 32.2(b)(3).

6.      In accordance with the direction provided by the Attorney General and Federal Rule of Criminal Procedure 32.2(b)(6), the United States shall publish notice of this Preliminary Order of Forfeiture and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

7.      The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure.

8.      Any person, other than the Defendant, filing a petition to contest the forfeiture of specific property, must sign the petition under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

9.      If a third party files a petition asserting an interest in the Subject Property, the court will conduct an ancillary proceeding.

10. When the ancillary proceeding ends, the court will enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights. If no third party files a timely petition, this Preliminary Order of Forfeiture will become the Final Order of Forfeiture.

11. The United States shall have clear title to the Subject Property following the court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

12. The Court shall retain jurisdiction to enforce this order; and to amend it as necessary, pursuant to Fed. R. Crim P. 32.2(e).

Dated: 6/7/13

                                      SO ORDERED:

                                      WALTER HERBERT RICE
                                      UNITED STATES DISTRICT COURT JUDGE